## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**LADARIUS CORDELL KIRKLAND**                                                                 **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 1:24-cv-00112-TBM-RPM**

**WILLIAM ANDERSON, et al.**                                                                 **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte* on *pro se* Plaintiff LaDarius Cordell Kirkland's failure to comply with Court Orders. When he filed his Complaint on April 11, 2024, Plaintiff was an inmate housed at the Jackson County Adult Detention Center in Pascagoula, Mississippi. [1], p. 2. His claims arise under 42 U.S.C. § 1983, and he names William Anderson and Unknown McBride as Defendants. [1], pp. 2-3.

On May 8, 2024, the Court ordered Plaintiff to file a written response on or before May 22, 2024, to answer questions that will aid the Court in assessing his claims. [6], p. 2. Plaintiff was "warned that his failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice." [6], p. 2. That Order [6] was mailed to Plaintiff at his last-known mailing address, and it was returned to the Court as undeliverable in an envelope marked, "no longer at this facility." [7], p. 1. Plaintiff did not comply with the Court's Order [6] by the May 22 deadline.

On June 3, 2024, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's Order [6]. [8], p. 1. Plaintiff's responsive deadline was extended to June 17, 2024, and he was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this

lawsuit being dismissed without prejudice and without further notice to him." [8], p. 2. The Order to Show Cause [8], with a copy of the Court's May 8 Order [6], was mailed to Plaintiff at his last-known mailing address, and it was also returned to the Court as undeliverable in an envelope marked, "no longer at this facility." [9], p. 1. Plaintiff did not comply with the Court's Orders [8] [6] by the June 17 deadline.

On June 28, 2024, the Court entered a Second and Final Order to Show Cause directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [8] [6]." [10], p. 2. Plaintiff was ordered to file a written response on or before July 12, 2024. [10], p. 2. Plaintiff was also ordered, on or before the July 12 deadline, to comply with the Court's May 8 Order [6] "by answering the questions posed therein." [10], p. 2. Plaintiff was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to him." [10], p. 2 (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [8] [6]." [10], p. 2. The Second and Final Order to Show Cause [10], with a copy of the Court's May 8 Order [6] and June 3 Order [8], was mailed to Plaintiff at his last-known mailing address, and it was yet again returned to the Court as undeliverable in an envelope marked, "no longer at this facility." [11], p. 1.

Plaintiff did not comply with the Second and Final Order to Show Cause [10], and he has not communicated with the Court about his lawsuit since May 1, 2024. *See* [4], p. 1. This inaction includes Plaintiff's failure to advise the Court about a change of address—despite being warned five times that a failure to comply with the Court's orders or to notify the Court about a change in

address may lead to the dismissal of his case. *See* [3], p. 2; [5], p. 2; [6], p. 2; [8], p. 2.; [10], p. 2. And the Court has been unable to locate Plaintiff's current address, despite independent research.

The Court may dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the party seeking relief, so as to achieve the orderly and expeditious disposition of cases." *Fauzi v. Royal Hospitality Services, LLC*, No. 1:14-cv-83-HSO-RHW, 2016 WL 3166581, at *2 (S.D. Miss. Jun. 6, 2016) (citing *Link*, 370 U.S. at 630). "Such a 'sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars' of the Court." *Id.* (quoting *Link*, 370 U.S. at 630-31). In this case, lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (quotation omitted).

Since Plaintiff has failed to comply with three Court Orders [10] [8] [6], the Court finds that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failing to respond to a Court order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this matter is **DISMISSED WITHOUT PREJUDICE**.

**THIS, the 30th day of July, 2024.**

**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**